Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8548 | DATE | 5/25/2004 |
| CASE TITLE | Clarke Caston and Consandra Caston v. United States of America | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss or, Alternatively, to Stay

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, this court grants defendant's motion (Doc. #5) and dismisses plaintiffs' complaint.

(11)    [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| ued/lc | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| CLARKE CASTON and CONSANDRA CASTON, | ) ) ) ) ) | **DOCKETED** JUN 0 2 2004 |
| Plaintiffs, | ) ) ) | No. 03 C 8548 |
| v. | ) ) ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Clarke and Consandra Caston filed an action under the Federal Tort Claims Act, U.S.C. §§ 1346(b), 2671-2680 ("FTCA") asserting claims for medical malpractice and loss of consortium, respectively. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the government has moved to dismiss the complaint for lack of subject matter jurisdiction, alleging that plaintiffs' claims are covered by the Federal Employees' Compensation Act, 5 U.S.C. § 8101, *et seq.* ("FECA"), and, therefore, barred by its exclusive liability provision. Alternatively, the government has moved to stay this action pending the resolution of Mr. Caston's claim for benefits pursuant to FECA (which claim is currently pending at the Department of Labor ("DOL")). For the reasons set forth below, this court grants the government's motion and dismisses the complaint.

**I.    Standard on a Rule 12(b)(1) Motion to Dismiss**

Normally, in reviewing a motion to dismiss, the district court construes the complaint

liberally and accepts the truth of its well-pleaded allegations and any inferences that may reasonably be drawn therefrom. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (citation omitted). However, in ruling upon a Rule 12(b)(1) motion to dismiss where the defendant has *factually* challenged the plaintiff's assertion of subject matter jurisdiction, the district court may properly look beyond the complaint and consider pertinent evidence submitted by the parties. *Sapperstein*, 188 F.3d at 855-56 (citations omitted). "The presumption of correctness that [the court] accord[s] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 856 (citation omitted). Instead, the court will "presume that [it] lack[s] jurisdiction unless the contrary appears affirmatively from the record." *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004) (internal quotations and citation omitted). *See also NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (to withstand Rule 12(b)(1) motion to dismiss, the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a district court to dismiss any action for which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## II. Background[1]

### A. Mr. Caston's Injuries

During the relevant time period, Mr. Caston was a civilian employee of the North Chicago Veterans Affairs Medical Center ("the Center") and, therefore, of the federal

---

[1] These facts are taken from the complaint, as well as from the materials submitted by the parties on defendant's motion to dismiss. The parties apparently do not dispute any facts material to the court's disposition of the motion.

government. Mr. Caston was also entitled to receive medical benefits from the Center as a veteran. On April 20, 2000, Mr. Caston suffered a work-related injury and subsequently received treatment at the Center, which was administered by its medical personnel.

Mr. Caston contends that the Center breached the standard of care in rendering medical treatment to him and thereby caused him permanent injuries. More specifically, he contends that the Center's employees failed to diagnose a medical condition (*i.e.*, a cervical disc impingement) and that their alleged failure to diagnose and the resulting delay in treatment of his condition caused it to worsen and led him to suffer irreversible, permanent physical damage. Mrs. Caston claims that, as a consequence of her husband's injuries, she has suffered a loss of consortium.

## B. Mr. Caston's Other Litigation

On April 24, 2000, Mr. Caston asserted a claim for FECA benefits in connection with his alleged workplace injuries, is currently pending at the DOL's Office of Workers' Compensation Programs ("OWCP"). The DOL, through the OWCP, subsequently determined that Mr. Caston's claim (*i.e.*, for his "herniated disc . . .") is compensable under FECA. Moreover, on February 13, 2004, it granted Mr. Caston a schedule award entitling him to compensation for his injuries (*i.e.*, for permanent partial impairment of his left and right upper extremities). In an affidavit submitted in connection with defendant's briefing on its motion to dismiss, the OWCP's Deputy Director for Federal Employees' Compensation testified that "OWCP will provide appropriate benefits . . . for any conditions that are established to have been causally related to the accepted April 20, 2000 employment injury [and] for any consequential injury resulting from medical treatment provided by the employing agency for the accepted April 20, 2000 employment injury." (Def. Mem., p. 4, Ex. 1).

Mr. Caston has also filed a medical malpractice lawsuit against a private doctor who treated him prior to the eventual diagnosis of his medical condition. That case is currently pending in the Nineteenth Judicial Circuit, Lake County, Illinois (Case No. 03 L 0169). Plaintiffs' counsel herein represents that Mr. Caston's counsel in the state court medical malpractice case informed him that the defendant doctor is contemplating filing a contribution action against the United States for its own negligence in rendering medical treatment to Mr. Caston. Plaintiffs' counsel further represents that, "[i]n this anticipated scenario, the state contribution claim would be appropriately removed to the federal court for resolution before this Court under the Federal Tort Claim Act." (Pl. Resp., p. 2).

### III. Analysis

As noted above, the government has moved to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Specifically, the government contends that the Castons' claims are wholly barred by FECA's exclusive liability provision because they arise out of an alleged injury suffered by Mr. Caston while he was working as a federal employee.

As a general matter, FECA provides the exclusive source of redress against the United States for a federal employee's work-related tort injuries (*i.e.*, nonconstitutional work-related injuries). FECA's exclusive liability provision states, in pertinent part, that "[t]he liability of the United States or an instrumentality thereof under this subchapter . . . or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee [and] his . . . spouse . . . because of the injury or death . . . ." 5 U.S.C. § 8116(c). *See also Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) ("[t]he liability imposed under FECA supplants all other liability on the part of the United

States to an injured federal employee"); *Czerkies v. U.S. Dept. of Labor*, 73 F.3d 1435 (7th Cir. 1996) (*en banc*). As the Supreme Court has observed, with FECA's exclusive liability scheme, "Congress adopted the principal compromise – the '*quid pro quo*' – commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). Where an employee's claim for injuries resulting from his employment is covered by FECA, the district court lacks subject matter jurisdiction. *See Ezekiel*, 66 F.3d at 898-991; *see also Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991).

There appears to be no dispute regarding the fact that Mr. Caston's claimed work-related injuries fall within FECA's coverage. Indeed, the DOL deemed his claim for FECA benefits compensable in a determination that may not be challenged in this court. 5 U.S.C. §§ 8128(b), 8145. *See Ezekiel*, 66 F.3d at 898 ("the Secretary of Labor is vested with the power to 'administer, and decide all questions arising under' the FECA and the Secretary's action in denying or granting compensation is final, conclusive and not subject to review by a court of law") (citation omitted); *see also Southwest Marine*, 502 U.S. at 90. Plaintiffs acknowledge that Mr. Caston filed a claim under FECA and do not contradict the government's evidence establishing that the DOL accepted his claim. Moreover, they do not otherwise contend that Mr. Caston's claimed work-related injuries fall outside of FECA's coverage.

Indeed, in their brief response to the government's motion to dismiss, the Castons do not dispute *any* argument contained in the government's motion and supporting memorandum or, more generally, that FECA's exclusive remedy provision strips this court of jurisdiction to

entertain their claims. Moreover, they expressly concede this court's lack of jurisdiction (*i.e.*, that FECA's exclusive liability provision bars their claims herein). *See* Pl. Mem., p. 2 ("[a]lthough [*Ezekiel*] may be this District's authority for barring Plaintiffs' present claims under the FECA's exclusive remedy provision . . . ."). This court concurs and finds that it is stripped by FECA's exclusive remedy provision of jurisdiction to entertain plaintiffs' claims herein, which the parties agree and the DOL has concluded are covered by FECA.[2]

Nonetheless, plaintiffs contend that because the private doctor whom Mr. Caston has sued in state court might eventually bring a contribution claim against the United States, and because that claim "would appropriately be removed to the federal court for resolution . . . under the Federal Tort Claim Act," this court should "stay this matter until there is certainty of whether or not a contribution complaint will become a part of the state malpractice [action]." (Pl. Mem., pp. 2-3). This argument is unsupported by citation to any relevant legal authority and is patently illogical.

Although Supreme Court precedent (*see Lockheed Aircraft*, 460 U.S. at 199) establishes that FECA does not directly bar third-party indemnity actions against the United States, it is not

---

[2] The government contends – and the Castons do not dispute – that because medical malpractice in the treatment of a work injury is also compensable under FECA, the inquiry here is not altered by Mr. Caston's allegation that his workplace injuries were aggravated by medical malpractice. In support of its contention, the government cites case law and the DOL's representation that it will cover Mr. Caston's claims for injuries resulting from the Center's medical treatment of his work-related injury. In their response, plaintiffs have failed to address, let alone attempt to contradict, this argument on either factual or legal grounds. Plaintiffs have, thus, waived any argument to the effect that their medical malpractice and derivative loss of consortium claims are not covered by FECA. In any event, "[a] long line of cases has held that the exclusive-liability provision of FECA precludes an FTCA action by a federal employee for damages resulting from medical malpractice by a government doctor treating an on-the-job injury." *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000) (citations omitted); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citation omitted) (concluding that FECA "took away [employees'] right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself").

-6-

necessary for this court to express any opinion as to whether a contribution action against the United States that might be filed in connection with the pending state court malpractice action against Mr. Caston's private physician would be properly removable to this court. Quite simply, that issue is irrelevant to the disposition of defendant's motion. The string of contingencies cited by plaintiffs has no legal or logical bearing upon whether this court has jurisdiction to entertain their claims against the government herein, and plaintiffs have not even suggested how it could. In short, the possible removal of a potential contribution claim against the United States brought by the defendant doctor in Mr. Caston's state court medical malpractice action would in no way confer subject matter jurisdiction upon this court to entertain *the Castons' claims against the United States* where it is otherwise lacking. Plaintiffs have not outlined or explained how, under any circumstances, their present claims could or would properly be before this court.

Based upon the foregoing, this court concludes that it lacks subject matter jurisdiction to adjudicate plaintiffs' claims. Consequently, the complaint must be dismissed in its entirety. *See* Fed. R. Civ. P. 12(h)(3).

## IV. Conclusion

For the foregoing reasons, this court grants the government's motion to dismiss and dismisses plaintiffs' complaint.

Enter:

David H. Coar
United States District Judge

Dated: May 25, 2004